DORMAN, J.
Concurring in the result reached in the above opinion, it seems proper to say that the concurrence is much more readily yielded from the views entertained on another point, presented by the record, which was elaborately argued by the counsel on both sides, but not considered in the opitiion of Judge Willoughby. It has been impossible to arrive at the conclusion, that in | 28-29, chapter 61 of the Code of 1860, it was the intention of the legislature, that a sale by a trustee of a mere equity, conveying no legal title, was such a sale and conveyance of the property and rights of 1 the old company as to “pass to the purchaser at the sale not only the works and property of the company as they, were at the time of making the deed of trust or mortgage, but any works which the company may after that time and before the sale have constructed, and all other property of which it may be possessed at the time of the sale, other than debts due to it;” and also ipso facto to dissolve the company, and at the same time to constitute the purchaser forthwith a corporation, succeeding to all the privileges and franchises of the original ^'company. The comprehensive terms of the law seem to preclude the supposition, that anything short of the sale and transfer of the legal title, together with the property, privileges and franchises, can merge the old company in a new corporation under the statute.
BURNHAM, P., dissented.
Decree affirmed.